UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CIRCLE CITY BROADCASTING I, LLC and DUJUAN MCCOY, *Plaintiffs*, vs. AT&T CORP. D/B/A U-VERSE AND DIRECTV, *Defendant*. | 1:20-cv-02320-JMS-TAB |

## ORDER

Defendant has removed this matter to this Court, and has alleged that this Court has diversity jurisdiction over this matter. The Court notes the following issues with the jurisdictional allegations in Defendant's Notice of Removal regarding the parties in this action:

- Defendant has pled some of its jurisdictional allegations on information and belief. Jurisdictional allegations must be made on personal knowledge, not on information and belief, to invoke the subject matter jurisdiction of a federal court. *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (only a statement about jurisdiction "made on personal knowledge has any value" and a statement made "'to the best of my knowledge and belief' is insufficient" to engage diversity jurisdiction "because it says nothing about citizenship"). "Conclusional allegations are insufficient. A court needs to know details, such as the state of incorporation and principal place of business of each corporate party." *State St. Bank & Trust Co. v. Morderosian*, 234 F.3d 1274 (7th Cir. 2000).

The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). The Court must know the details of the underlying jurisdictional allegations because parties cannot confer jurisdiction on the Court simply by stipulating that it exists. *See Evergreen Square of Cudahy v. Wisconsin Housing and Economic Development Authority*, 776 F.3d 463, 465 (7th Cir. 2015) ("the parties' united front is irrelevant

since the parties cannot confer subject-matter jurisdiction by agreement…and federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*").

For these reasons, the Court **ORDERS** Defendant to file an Amended Notice of Removal by **September 22, 2020**, which addresses the issues outlined in this Order and properly alleges a basis for this Court's diversity jurisdiction.  Plaintiffs are reminded of their obligation to file a statement within thirty days of Defendant's filing of the Amended Notice of Removal pursuant to Local Rule 81-1, which provides:

> Within 30 days after the filing of the notice of removal, every plaintiff who has not filed a motion to remand must file a statement responding to the notice of removal's allegations as to the citizenship of the parties and the amount in controversy. If the plaintiff lacks sufficient information upon which to form a belief about those allegations despite meeting and conferring in good faith with the removing party about them, the plaintiff may so state.

The parties are advised that, to the extent the Amended Notice of Removal and the Local Rule 81-1 Statement reflect anything other than total agreement regarding any jurisdictional allegations, the Court will require the parties to conduct whatever investigation is necessary and file a joint jurisdictional statement confirming that all parties are in agreement with the underlying jurisdictional allegations before the litigation moves forward.

Date: 9/8/2020

*[Signature]*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**